UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KIMBERLY D. SCHNEIDER,<br>    Plaintiff,<br>v.<br>FORD MOTOR COMPANY, et al.,<br>    Defendants. | Case No. 5:19-cv-05545-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 17 |

Plaintiff filed a state-court action asserting various state-law causes of actions against Defendants Ford Motor Company and Chino Hills Ford ("Chino Hills"). Defendants removed the action to federal court on diversity grounds. Plaintiff argues that this Court should remand the action because the amount in controversy is less than $75,000. The Court agrees. Accordingly, Plaintiff's motion for remand is **GRANTED** and the Clerk is **DIRECTED** to **REMAND** this case to Santa Clara County Superior Court and close the file.[1]

### I. BACKGROUND

#### A. Factual Background

On or about June 2, 2013, Plaintiff purchased a 2013 Ford Escape vehicle ("the Vehicle") from Defendant Chino Hills. Complaint for Violations of Statutory Obligations ("Compl.") ¶ 8, Dkt. 1-2, Ex. B. Plaintiffs received an express written warranty with this purchase. *Id.* ¶ 9. During the warranty period, the Vehicle contained or developed defects, which substantially impaired the use, value, or safety of the Vehicle. *Id.* ¶ 10. After Defendants were unable to

---

[1] The Court finds this motion suitable for consideration without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b).

Case No.: 5:19-cv-05545-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1

1    service or repair the Vehicle, Plaintiff filed this action. Plaintiff claims Defendant Ford Motor Co.

2    breached express and implied warranties related to the Song-Beverly Consumer Warranty Act.

3    *See id.* ¶¶ 12–34. Plaintiff asserts that Defendant Chino Hills breached the implied warranty of

4    merchantability. *Id.* ¶¶ 30–34.

5    The Complaint alleges that Plaintiff suffered damages in a sum "not less than $25,001.00."

6    *Id.* ¶ 11. Plaintiff also alleges that she is entitled to a civil penalty of two times her actual damages

7    pursuant to California Civil Code Section 1794. *Id.* ¶¶ 15–16, 22, 25, 29, and Prayer. Plaintiff

8    seeks actual, consequential, punitive and incidental damages, prejudgment interest, and attorneys'

9    fees and costs. *Id.* at Prayer.

### B. Procedural History

Plaintiff filed her Complaint in the Santa Clara County Superior Court on January 10, 2019. Compl. at 10. Defendants removed the action to this Court on September 3, 2019, pursuant to 28 U.S.C. § 1332. Dkt. 1. On December 17, 2019, Plaintiffs filed a motion to remand. Motion to Remand ("Mot."), Dkt. 17. Defendant filed an opposition on December 31, 2019. Opposition/Response re Motion to Remand ("Opp."), Dkt. 19. On January 7, 2020, Plaintiffs submitted a reply. Reply re Motion to Remand ("Reply"), Dkt. 20.

## II. LEGAL STANDARD

The party seeking removal bears the burden of establishing jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant sued in state court may remove the action to federal court only if the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Court strictly construes the removal statute against removal jurisdiction. *Id.* Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Federal courts are "particularly skeptical of cases removed from state court." *Warner v. Select Portfolio Servicing*, 193 F. Supp. 3d 1132, 1134 (C.D. Cal. 2016) (citing *Gaus*, 980 F.2d at 566).

Case No.: 5:19-cv-05545-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
2

## III. DISCUSSION

Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction over civil actions with diverse parties and where the amount in controversy exceeds $75,000.

### A. Diversity of Citizenship

Plaintiff concedes that the Parties are diverse. *See* Mot. at 6; Opp. at 8. Plaintiff is a California resident, see Compl. ¶ 2, while Defendant Chino Hills is domiciled in Nevada, see Notice of Removal ¶ 20, and Defendant Ford Motor Co. is domiciled in Michigan and Delaware, see *id.* ¶ 19. Accordingly, the Court is satisfied that Plaintiff and Defendants are completely diverse as required by 28 U.S.C. § 1332.

### B. Amount in Controversy

Plaintiff argues that Defendants have not satisfied their amount-in-controversy burden. *See* Mot. at 2. If a defendant removes a case from state court to federal court, the defendant bears the burden of proving that the amount in controversy is satisfied. *See Chajon v. Ford Motor Co.*, 2019 WL 994019, at *1 (C.D. Cal. Jan. 8, 2019). The allegations in the complaint dictate the defendant's burden. For instance, when a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, the amount-in-controversy requirement is presumptively satisfied unless it appears to a "legal certainty" that the plaintiff cannot actually recover that amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996); *see also Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 755–56 (E.D. Mich. 1990) (noting that when a complaint is originally filed in state court, it is highly unlikely that the plaintiff inflated her damages solely to obtain federal jurisdiction). If, however, the plaintiff's state-court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing by a "preponderance of the evidence" that it is "more likely than not" that the amount in controversy exceeds $75,000. *See Sanchez*, 102 F.3d at 404; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

#### 1. Legal Certainty Test

Defendants argue the Complaint "clearly" shows that more than $75,000 is in controversy

Case No.: 5:19-cv-05545-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
3

and that the "legal certainty" standard applies. Opp. at 3, 5. Defendants contend that because the Complaint alleges damages of at least $25,001 and a penalty of twice the amount of damages, *i.e.* $50,002, the damages plainly amount to $75,003. *Id.* As support, Defendants cite *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683 (N.D. Cal. May 15, 2018) and *McDonald v. BMW of N. Am., LLC*, 2017 WL 5843385 (S.D. Cal. Nov. 28, 2017). Neither case, however, supports Defendants' position that more than $75,000 is "clearly" in issue. *Bernstein*, for instance, involved a complaint that alleged "[t]he amount in controversy *exceeds* twenty-five thousand dollars ($25,000), *exclusive* of interest and costs . . . . [and] Plaintiff seeks damages . . . for incidental, consequential, exemplary, and actual damages." 2018 WL 2210683 at *2 (first emphasis added). Likewise, in *McDonald*, the complaint stated that the plaintiff's damages "exceed[ed] $25,000" and prayed for "actual damages, statutory penalties of two times actual damages, attorney's fees and punitive damages." 2017 WL 5843385 at *1.

Here, however, the Complaint alleges that Plaintiff suffered damages "in a sum to be proven at trial in an amount that is *not less than* $25,001.00." Compl. ¶ 11 (emphasis added). Hence, while Plaintiff seeks restitution for the value of the car, civil penalties, and attorneys' fees and costs, it is unclear whether *all* these damages are subsumed within the request for $25,001. *Compare id.* (stating that Plaintiff suffered "*damages*"), *with Bernstein*, 2018 WL 2210683 at *2 (plaintiff claimed the amount in controversy exceeded $25,000 and sought actual, incidental, and exemplary damages "in addition" to the $25,000). Thus, unlike the *Bernstein* and *McDonald* courts, this Court cannot readily determine *what* is included in Plaintiff's claimed damages. Accordingly, the amount in controversy is unclear from the face of Plaintiff's Complaint and the Court must determine if Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Guglielmino*, 506 F.3d at 699; *see also Gaus*, 980 F.2d at 566 (noting that removal jurisdiction must be strictly construed against removal).

**2. Preponderance of the Evidence Test**

Defendants argue that "it is more likely than not" that the damages and penalties pled in Plaintiff's complaint exceed $75,000. The Court disagrees.

Case No.: 5:19-cv-05545-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
4

United States District Court
Northern District of California

Defendants' rely on the same argument analyzed above. They argue that the $25,001 refers to actual damages and, after doubling that amount for civil penalties, the amount in controversy exceeds $75,000. But, as held above, it is too speculative to say that the "$25,001" amounts to actual damages. Plaintiff's Complaint does not offer, and Defendant fails to produce, any facts that would allow the Court to determine that the $25,001 refers only to actual damages. *See supra* III.B.1. Indeed, the Court could just as easily infer that the $25,001 refers to Plaintiff's *total* damages. This lack of clarity forecloses Defendants' argument that the $25,001 "more likely than not" satisfies the federal-jurisdictional amount. Moreover, it ignores the fact that removal jurisdiction is strictly construed against removal. *See Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016). Accordingly, because the Court cannot rest its jurisdictional findings on speculation, Defendant's first argument is rejected.

Defendants next support their removal with Plaintiff's request for attorneys' fees and costs. Courts must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met. *Fritsch v. Swift Transp. Co. of Az., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). The "mere futurity" of attorneys' fees and costs does not preclude them from being part of the amount in controversy. *Id.* (quoting *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018)); *but see Chajon*, 2019 WL 994019 at *2 (holding that prospective attorneys' fees were too speculative to be included in the amount in controversy). Thus, if the law entitles the plaintiff to future attorneys' fees, then the removing defendant may attempt to prove that such fees satisfy the amount-in-controversy requirement. *Fritsch*, 899 F.3d at 794. The removing defendant, however, must use "summary-judgment-type evidence" to show that it is "more likely than not" that the amount in controversy (including attorneys' fees) exceeds $75,000. *Id.* at 795–96.

There is no dispute that attorneys' fees are at issue. *See* Compl. at Prayer (seeking "costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d)"). Defendants argue that these fees exceed $75,000. Opp. at 6–7. As support, Defendants filed a declaration showing that (1) claims for attorneys' fees in these cases regularly

Case No.: 5:19-cv-05545-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
5

approach or exceed $50,000 and (2) a recent fee demand by Plaintiff's counsel exceeded $300,000 for a Song-Beverly case involving Ford. *Id.* at 7. Plaintiff argues this is not "competent evidence." Reply at 4. The Court agrees with Plaintiff—none of the evidence supports Defendants' theory that *in this case* the attorneys' fees amount to more than $50,000. Defendants provide nothing more than mere conjecture. Indeed, all that underlies their conclusion that "claims for attorneys' fees in these cases regularly approaches or exceeds $50,000" is a declaration, executed by Defendants' counsel, that speculates "it is not uncommon, and in fact quite regular, for attorneys' fees and cost awards . . . to exceed $50,000." Declaration of Counsel in Support of Defendants Opposition ("Harlow Decl.") ¶ 5, Dkt. 19-1. Courts in this district routinely hold that such evidence insufficient. *See, e.g.*, *Makol v. Jaguar Land Rover N. Am., LLC*, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018).

In the alternative, Defendants point to the $300,000 fee recently claimed by Plaintiff's counsel in another Ford Motor case. Yet, Defendants fail to explain how that case accords with this case. All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. Harlow Decl. ¶ 7. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases. *Compare* Harlow Decl. Ex. 3 (discussing attorney fees for case that went to trial), *with Makol*, 2018 WL 3194424 at *3 ("Jaguar[does not] attempt to estimate anticipated fees in the more likely event this case does not go to trial."). Accordingly, because Defendants fail to provide the Court with specific evidence showing that the attorneys' fees *in this case* are "more likely than not" to exceed $75,000, attorneys' fees cannot be used to satisfy the amount-in-controversy requirement.

Finally, Defendants argue that the total sales price of the vehicle plus civil penalties exceeds the amount in controversy. In her Complaint, Plaintiff asserts that she "seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire contract price." Compl. ¶ 21. The total sales price of the vehicle was $37,030.20. Harlow Decl., Ex. 1. Plaintiff thus could recover $37,030.20 in actual damages and "two times" that amount in civil penalties. Hence, once the possible civil penalties are added, the total amount in controversy

Case No.: 5:19-cv-05545-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
6

potentially amounts to $111,090.6 ($37,030.2 x 3), which far exceeds $75,000. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. Feb. 27, 2008) (noting that it is irrelevant if plaintiff *could* receive less than the maximum statutory penalty because the relevant inquiry is what is the amount *in controversy* in the litigation); *Saulic v. Symantec Corp.*, 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007) ("Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff."); *see also Edwards*, 2016 WL 6583585 at *4 (holding the defendant failed to show it was "more likely than not" that jurisdictional amount satisfied because complaint did "not offer, and Defendant [did not] produce, any facts that would allow the Court to determine the amount of actual damages Plaintiff seeks to recover").

In response, Plaintiff argues that the "mileage offset" might reduce Plaintiff's actual damages and thus impact the amount in controversy. Reply at 3. The set-off amount is determined by multiplying the "'actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer delivered the vehicle'" for correction of the problem. *Maciel v. BMW of N. Am., LLC*, 2017 WL 8185859, at *2 (C.D. Cal. Aug. 7, 2017) (quoting Cal. Civ. Code § 1793.2(d)(2)(C)) (alteration in original). Plaintiff's Complaint and exhibits do not indicate what the appropriate offset should be in this case. Defendants, however, attached an exhibit that reflects that the most recent repairs to Plaintiff's vehicle occurred at 75,943 miles on October 5, 2017. Harlow Decl., Ex. #3; *see also Hall v. FCA US, LLC*, 2016 WL 4445335, at *3 (E.D. Cal. Aug. 24, 2016) (using most recent repair as "first relevant repair"). Using that repair as the "first relevant repair" generates the largest possible mileage offset of $23,434.87 (37,030.2 x 75,943/120,000). With this offset, Plaintiff could recover only $13,595.33 in actual damages and $40,785.99 in total damages. This does not satisfy the $75,000 requirement and so the Court holds that Defendants failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Case No.: 5:19-cv-05545-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

7

## IV. CONCLUSION

Because the amount in controversy does not exceed $75,000, this Court lacks subject-matter jurisdiction and must remand the action pursuant to 28 U.S.C. § 1447(c). Accordingly, this Court **GRANTS** Plaintiffs' motion to remand. The Clerk is **DIRECTED** to **REMAND** this case to the Santa Clara County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: March 2, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-05545-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
8